IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DONALD CRISP,<br><br>　　　　Defendant. | Cv. No. 05-1383 T/An<br>Cr. No. 01-10033-T/An |

ORDER

On November 25, 2005, defendant, Donald Crisp, filed an irregular motion in his criminal case seeking to set aside his guilty plea and conviction for violating 21 U.S.C. § 841(a)(1) and § 846. On January 4, 2002, defendant pled guilty pursuant to a plea agreement. On April 5, 2002, the Court conducted a sentencing hearing and on April 16, 2002, entered a judgment imposing a sentence of 120 months imprisonment to be followed by a five year term of supervised release. Defendant appealed and the Sixth Circuit affirmed his conviction and sentence on September 7, 2004. United States v. Crisp, No. 02-5510, 110 Fed. Appx. 559 (6th Cir. Sept. 7, 2004). Crisp did not file a petition for writ of certiorari to the United States Supreme Court. Thus, defendant has no pending criminal case in which this motion may be considered.

To the extent that the defendant seeks relief from his conviction and sentence, his only remedy is a motion to vacate pursuant to 28 U.S.C. § 2255. In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United States v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). See also United States v. Cerna, 1994 U.S. App. LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under

§ 3582(c)(2) as a motion to vacate under § 2255);[1] <u>United States v. Auman</u>, 8 F.3d 1268, 1271 (8th Cir. 1993); <u>Wood v. United States</u>, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[2] <u>Owens v. Benson</u>, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255).

Therefore, the Court construes the document as a motion pursuant to § 2255. The Clerk is directed to remove the document from the criminal file and file it as a new civil case. The Clerk of Court is directed to docket a copy of this order in both this case and that new civil case.

IT IS SO ORDERED this 22nd day of December, 2005.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" <u>Norton v. Parke</u>, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

[2] See <u>supra</u> note 2.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 1:05-CV-01383 was distributed by fax, mail, or direct printing on December 28, 2005 to the parties listed.

---

Donald Crisp
Federal Correctional Institution
17691-076
P.O. Box 34550
Memphis, TN 38184--055

Honorable James Todd
US DISTRICT COURT